IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BAC HOME LOANS SERVICING, LP, its sucessors in interest and/or assigns f/k/a Countrywide Home Loans Servicing, LP,<br><br>        Plaintiff,<br><br>   v.<br><br>DOUGLAS HACKETT, TRISH REGAN UNKNOWN HEIRS OF VIVIAN HACKETT, KING CITY CIVIC ASSOCIATION, OREGON DEPARTMENT OF HUMAN SERVICES, OCCUPANTS OF THE PREMISES, and LINDA MICHELET WILLIAMS, as Trustee for Aka Ala Trust,<br><br>        Defendants, | No. 3:11-cv-00416-HZ<br><br>OPINION & ORDER |

DOUGLAS HACKETT and TRISH REGAN,

        Counterclaimants,

   v.

1 - OPINION & ORDER

BAC HOME LOANS SERVICING,
LP, f/k/a Countrywide Home Loans
Servicing, LP, its sucessors in interest
and/or assigns,

        Counterclaim Defendants,

---

DOUGLAS HACKETT

        Cross-Complainant

   v.

RECONTRUST COMPANY, N.A., and
DOES 1 through 10,

        Cross-Defendants.

Pilar C. French
Anthony M. Stark
Lane Powell, PC
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158

        Attorneys for Plaintiff

Douglas Hackett, Pro Se
Trish Regan, Pro Se
12421 SW Prince Albert St.
King City, OR 97224

Linda Michelet Williams, Pro Se
77-113 Kanewa Place
Kailua-Kona, HI 96740

/ / /

/ / /

/ / /

/ / /

2 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff BAC Home Loans Servicing, LP[1] ("BAC") brings this judicial foreclosure action against Defendants. With the exception of Defendants Douglas Hackett, Trish Regan, and Linda Williams, all other Defendants have defaulted. Defendants Hackett and Regan counterclaimed against Plaintiff BAC to quiet title. Defendant Hackett also filed a cross claim against ReconTrust and Does 1-10 for breach of fiduciary duty and constructive fraud. BAC and ReconTrust moved for summary judgment on the judicial foreclosure claim, the counterclaim, and the cross claim. Defendants Hackett and Regan cross moved for summary judgment on the judicial foreclosure claim. Defendant Hackett also filed a motion to dismiss Williams and the defaulted parties as defendants in this case. There is no genuine dispute of fact that Hackett and Regan have defaulted against BAC, the holder of the note. Therefore, I grant Plaintiff's motion for summary judgment and deny Defendant's cross motion for summary judgment. I also deny the motion to dismiss Williams and the defaulted defendants from this case.

BACKGROUND

On March 21, 2008, Defendants Hackett and Regan obtained a loan from Countrywide Bank for $165,000. Slyapich Decl. Ex. 1 at 1. BAC is the successor in interest to Countrywide Bank. Slyapich Decl. ¶ 7. In the note, Hackett and Regan agreed to repay the loan over 30 years at an interest rate of 5.875%. Id. at 1-2. The note was secured by a deed of trust for residential property located at 12421 SW Prince Albert Street, Portland, Oregon. Slyapich Decl. Exs. 1 at 5; 2 at 1-2. ReconTrust Company was named the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was named the nominee and beneficiary. Slyapich Decl. Ex. 2 at 1.

---

[1] Bank of America, N.A. ("BANA") is the successor by merger to BAC Home Loans Servicing, LP. Slyapich Decl. (Dkt. #123) ¶ 1.

3 - OPINION & ORDER

The deed of trust was recorded in Washington County on April 22, 2008.  Id.  BAC is the holder of the note.  Slyapich Decl. ¶¶ 9-10.

Over four years ago, Hackett and Regan stopped making payments on the loan.  The last payment they made was more than four years ago on July 16, 2009.  Slyapich Decl. Ex. 4 at 3.  Hackett and Regan are in default according to the terms of the note.  Id. at Ex. 1 at 4 (borrower in default if he fails to "pay the full amount of each monthly payment on the date it is due").  The note provides that if the borrower is in default, the note holder may require immediate payment of "the full amount of Principal that has not been paid and all the interest…owe[d] on that amount."  Id.  A similar acceleration of payment provision is in the deed of trust as well.  Slyapich Decl. Ex. 2 at 1-2 ("failure to cure the default…may result in acceleration of the sums secured by this Security Instrument and sale of the Property.").  The note allows the note holder to recover "costs and expenses in enforcing the Note," including "reasonable attorneys' fees."  Slyapich Decl. Ex. 1 at 4.  The deed of trust similarly allows the lender to recover expenses, including attorneys' fees, to pursue remedies after a default.  Id. at Ex. 2 at 9.

On May 21, 2010, MERS, as the beneficiary, assigned the deed of trust to BAC.  Id. at Ex. 3.  BAC filed for judicial foreclosure in Washington County on January 31, 2011.  Compl. 10.  On February 26, 2011, BAC filed a notice of lis pendens in Washington County to give notice of the suit to any prospective buyers of the residential property.[2]  Stark Decl. (Dkt. #124)

---

[2] BAC requests that I take judicial notice of (1) the August 24, 2011 Quitclaim Deed, (2) the June 19, 2013 motion filed by Defendant Hackett (Dkt. #119), (3) Section 66.17 of the Freddie Mac Servicer Guide, and (4) the February 25, 2011 Notice of Lis Pendens—all of which are attached as exhibits one through four to the Stark Decl. (Dkt. # 124).  Request for Judicial Notice (Dkt. #122).  With the exception of the Freddie Mac Servicer Guide (exhibit three), judicial notice of these documents is appropriate because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).  The Freddie Mac Servicer Guide is not appropriate for judicial notice, but I will consider it for a

4 - OPINION & ORDER

Ex. 4. Hackett and Regan, who reside in Hawaii, filed a notice of removal to this court on March 26, 2011. Notice of Removal, Dkt. #1. BAC seeks the unpaid principal, interest, and any additional sums under the terms of the note and deed of trust, including costs and attorney's fees. Compl. ¶¶ 20, 23. A payoff demand shows an unpaid principal of $164,615.38. Slyapich Decl. Ex. 5 at 1. Additionally, the unpaid interest accrued through May 31, 2013 is $37,084.29. Id.

On August 23, 2011, Hackett and Regan executed a quitclaim deed for the residential property. Stark Decl. Ex. 1. Hackett and Regan granted their interest in the residential property to the Aka Ala Trust and named Defendant Linda Williams as trustee. Id. The quitclaim deed was recorded in Washington County on August 24, 2011. Id. But on May 29, 2013, Williams, as trustee for the Aka Ala Trust, executed a quitclaim deed to grant interest in the residential property back to Hackett and Regan in the form of tenancy by the entirety. Stark Decl. Ex. 2 at 4.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts"

---

different reason. Anthony Stark, an attorney of record for BAC, vouched for the accuracy of the guide in his declaration. I grant the request for judicial notice.

showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

**I.**     **Judicial Foreclosure**

Plaintiff BAC moves for summary judgment on its claim for judicial foreclosure and Defendants Hackett and Regan cross move for summary judgment.

Under Oregon law, "[t]ransfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary." Or. Rev. Stat. ("ORS") § 86.710. "The power of sale may be exercised after a breach of the obligation for which the transfer is security; and a trust deed … may be foreclosed by advertisement and sale in the manner provided in ORS 86.705 to 86.795, or, at the option of the beneficiary, *may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property*." Id. (emphasis added).

6 - OPINION & ORDER

Here, BAC has chosen the latter option—a judicial foreclosure. The law on foreclosures of mortgages provides that "a lien upon real or personal property, other than that of a judgment, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit." Id. at § 88.010. BAC needs to show that (1) Hackett and Regan executed a deed of trust to secure performance of an obligation to a beneficiary and that (2) Hackett and Regan breached that obligation.

BAC has presented evidence of an obligation by Hackett and Regan, as evidenced by a note, a deed of trust for residential property that secured performance of the note, and Hackett and Regan's breach of that obligation. There is no genuine issue of material fact that Hackett and Regan executed a deed of trust secured by the residential property, and that they have since defaulted under the terms of the note. Hackett and Regan stopped making payments on their loan over four years ago and are clearly in default. Upon default of the obligation secured by the deed of trust, BAC may foreclose on the deed of trust. BAC is entitled to sell the property in order to satisfy the obligation under the note. Additionally, as allowed under the terms of the note and deed of trust, BAC is entitled to recover costs and attorneys' fees incurred in enforcing the note.

Defendants Hackett and Regan argue that BAC is not entitled to foreclose because (1) the assignment of the deed of trust by MERS was invalid, (2) BAC is not the holder of the note and lacks standing to sue, (3) Hackett and Regan have been discharged from paying the "draft," (4) the deed of trust is unenforceable, and (5) the note and deed of trust was split. None of Defendants' arguments have merit. The arguments consist of conclusory statements and are unsupported by relevant law or facts. Defendants have not met their burden to create a genuine issue of material fact.

7 - OPINION & ORDER

BAC further argues that it is entitled to a deficiency judgment in the event the foreclosure proceeds are insufficient to satisfy the unpaid principal, interest, attorneys' fees, and costs incurred in enforcing the note. Pl.'s Mem. 19. BAC cites to the following statute in support.

> [I]n a judicial foreclosure of a trust deed that is not a residential trust deed the judgment must provide that if the sale proceeds are insufficient to satisfy the judgment, execution may issue for the amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.

ORS § 86.770(3). A residential trust deed is defined as "a trust deed on property upon which…the grantor, the grantor's spouse or the grantor's minor or dependent child occupies as a principal residence at the time a default that results in an action to foreclose the obligation secured by the trust deed first occurs." ORS § 86.805(5). Hackett and Regan are residents of Hawaii, and thus their principal residence was not the Oregon property in this dispute. Notice of Removal (Dkt. #1), 3. It appears that BAC would be entitled to a deficiency judgment because the trust deed in this dispute is not a residential trust deed. The request for deficiency judgment is not stated in the complaint. The request is raised for the first time in the summary judgment briefing. Given this discrepancy, I reserve ruling on this issue. The parties are directed to submit a briefing on whether the request for a deficiency judgment needs to be expressly stated in the complaint. BAC may submit a brief, of no more than five pages, on the issue within 10 days of this order. Hackett and Regan may submit a response, of no more than five pages, within 10 days of BAC's submission.

I reserve ruling on the request for deficiency judgment. Otherwise, BAC's motion for summary judgment regarding judicial foreclosure is granted and Hackett and Regan's cross motion is denied.

/ / /

8 - OPINION & ORDER

## II.     Counterclaim Against BAC

Defendants Hackett and Regan counterclaimed for quiet title against BAC regarding the residential property. Defendants allege that their title to the residential property is superior to BAC and that the deed of trust is null. Counterclaim (Dkt. #90) ¶¶ 78, 83. BAC moves for summary judgment on this claim. "To secure a judgment quieting title, plaintiffs must prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants." Coussens v. Stevens, 113 P.3d 952, 955 (Or. Ct. App. 2005) (citing ORS § 105.605). For the same reasons that BAC is entitled to judicial foreclosure, the evidence in the record shows that BAC has superior title to the residential property. BAC's motion for summary judgment on the quiet title counterclaim is granted.

## III.    Cross Claim Against ReconTrust

Defendant Hackett filed a cross claim against ReconTrust for breach of fiduciary duty and constructive fraud.[3] Hackett alleges that ReconTrust, as the trustee on the deed of trust, owes him a fiduciary duty. Cross Compl. (Dkt. #94) ¶¶ 23-26. Hackett alleges that this duty was breached when MERS allegedly forged the assignment of the deed of trust. Id. at ¶ 24. ReconTrust moves for summary judgment on this cross claim.

A fiduciary relationship exists if there is a relationship of special confidence, which involves one party being bound to act in good faith toward another party and by taking regard of the interests of the other party. Starkweather v. Shaffer, 497 P.2d 358, 361 (Or. 1972). To establish a fiduciary relationship, the parties must have a special relationship in which the "nature of the parties' relationship itself allows one party to exercise control in the first party's best interests." Bennett v. Farmers Ins. Co. of Or., 26 P.3d 785, 799 (Or. 2001). Once a

---

[3] Count two is a request for injunctive relief to rescind the assignment. Cross Compl. 9. Count two is not a claim for relief, but a requested remedy.

fiduciary relationship is deemed to exist, the fiduciary duty owed depends upon the nature of the relationship.

The claim for breach of fiduciary duty and constructive fraud fails as a matter of law. "The trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the trust deed." ORS § 86.790. ReconTrust's motion for summary judgment is granted on the cross claim for breach of fiduciary duty and constructive fraud.

**IV.    Motion to Dismiss Certain Defendants**

Defendant Hackett moves to dismiss Defendant Williams and the defaulted Defendants from this case. Hackett argues that Williams, the trustee of the Aka Ala Trust, no longer holds title to the residential property. The evidence shows that Hackett and Regan granted their interest in the residential property to the Aka Ala Trust in August 2011, with Williams named as trustee. Williams granted the trust's interest in the residential property back to Hackett and Regan in May 2012. The two transactions among Hackett, Regan and Williams both occurred *after* the notice of lis pendens had been filed by BAC in February 2011.

Once the notice of lis pendens was filed, "a conveyance or encumbrance that is not recorded in the manner provided by law before the filing of a notice of pendency that affects all or part of the same real property is void" as against the party that filed the notice of lis pendens. ORS § 93.740. Thus, the conveyances among the Defendants are void as to BAC. BAC however, chose to recognize the first conveyance to Williams and amended the complaint to name her as a defendant. It appears that Williams no longer has any interest in the property as trustee of the Aka Ala Trust. However, I decline to dismiss Williams from the case in light of Hackett and Regan's past attempt to convey the property. Regarding the defaulted Defendants,

10 - OPINION & ORDER

Hackett has offered no reason why they should be removed from the case.  Hackett's motion is denied.

### V.      Request for Judicial Notice

Hackett and Regan filed a request for judicial notice on September 25, 2013.  Dkt. #141.  The request is untimely, as the briefing period for the summary judgment motions has already closed.  Additionally, neither of the two legal authorities included in the request are relevant.  The request is denied.

## CONCLUSION

Based on the foregoing, I grant Plaintiff BAC and ReconTrust's motion for summary judgment (#120) on the claim for judicial foreclosure—reserving ruling on the issue of deficiency judgment, the counterclaim for quiet title, and the cross claim for breach of fiduciary duty and constructive fraud.  I also grant Plaintiffs' request for judicial notice (#122).  Defendants Hackett and Regan's cross motion for summary judgment (#100) is denied and their request for judicial notice (#141) is denied.  Defendant Hackett's motion to remove certain defendants (#119) is denied as well.

IT IS SO ORDERED.

Dated this \_\_\_11\_\_\_ day of October, 2013.

MARCO A. HERNANDEZ
United States District Judge