IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BAC HOME LOANS SERVICING, LP, its successors in interest and/or assigns f/k/a Countrywide Home Loans Servicing, LP,

Plaintiff,

v.

DOUGLAS HACKETT, TRISH REGAN UNKNOWN HEIRS OF VIVIAN HACKETT, KING CITY CIVIC ASSOCIATION, OREGON DEPARTMENT OF HUMAN SERVICES, OCCUPANTS OF THE PREMISES, and LINDA MICHELET WILLIAMS, as Trustee for Aka Ala Trust,

Defendants,

No. 3:11-cv-00416-HZ

OPINION & ORDER

---

DOUGLAS HACKETT and TRISH REGAN,

Counterclaimants,

v.

BAC HOME LOANS SERVICING, LP, f/k/a Countrywide Home Loans Servicing, LP, its successors in interest and/or assigns,

Counterclaim Defendants,

---

DOUGLAS HACKETT

Cross-Complainant

v.

RECONTRUST COMPANY, N.A., and DOES 1 through 10,

Cross-Defendants.

Pilar C. French
Anthony M. Stark
Lane Powell, PC
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158

Attorneys for Plaintiff

Douglas Hackett
Trish Regan
PO Box 171
Captain Cook, HI 96704

Linda Michelet Williams
77-113 Kanewa Place
Kailua-Kona, HI 96740

Pro Se Defendants

/ / /

/ / /

/ / /

HERNANDEZ, District Judge:

I previously granted Plaintiff's motion for summary judgment on its claim for judicial foreclosure, including its request for costs and attorney fees. Oct. 11, 2013 Op. & Order [144]. Judgment entered against Defendants for the principal amount, interest, costs. Jan. 5, 2014 Judgment [155]. Plaintiff now moves for an award of attorney fees [157] in the amount of $15,500.80. Defendants did not oppose the motion. For the reasons stated below, I grant the motion in part and award $15,251.20.

DISCUSSION

In determining a reasonable attorney's fee, the district court first calculates the lodestar by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Rouse v. Law Offices of Rory Clark, 603 F.3d 699, 704 (9th Cir. 2010) ("'lodestar method' is the fundamental starting point in determining a reasonable attorney's fee") (internal quotation omitted); Caudle v Bristow Optical Co., Inc., 224 F.3d 1014, 1028 (9th Cir. 2000) (fee award for Title VII claim); McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (fee award under 42 U.S.C. § 1988).

A. Hourly Rate

In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community[.]" Blum v. Stenson, 465 U.S. 886, 895 (1984). The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. Id. at 895 n.11; see also Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1333 (D. Or. 1996) ("In setting a reasonable billing rate, the court must consider the 'prevailing market rates in the relevant community' and determine what a lawyer of comparable skill, experience, and reputation could command in the relevant community."), aff'd, 116 F.3d

485 (9th Cir. 1997). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. E.g., McElmurry v. U.S. Bank Nat'l Ass'n., No. CV-04-642-HA, 2008 U.S. Dist. LEXIS 35905, at *8, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008).

I have reviewed the documents submitted by Plaintiff in support of its motion. Considering the 2012 OSB Economic Survey,[1] I find that the hourly rates of the two attorneys are reasonable, particularly in light of their expertise in trust deed litigation. Pilar French, an attorney with 17 years of experience, had an hourly rate of $375. Harmon Decl. ¶ 2. Anthony Stark, an associate, had hourly rates of $265 and $278. Id.

Plaintiff additionally seeks $889.60 for two paralegals, Diane Barker and Jessica Allee. Barker and Allee billed a total of 6.4 hours at the hourly rate of $139. Id. Although the OSB Economic Survey contains no information regarding paralegal billing rates, judges in this District have noted that a reasonable hourly rate for a paralegal should not exceed that of a first-year associate. Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 3:10-cv-00188-ST, 2011 U.S. Dist. LEXIS 57174, at *16-17 (D. Or. Apr. 19, 2011) (reducing requested paralegal hourly rate from $215 and awarding hourly rate of $165 based on paralegal's extensive experience); see also HMM Enters, LLC v. Geppert, No. 3:12-cv-01874-MO, 2013 U.S. Dist. LEXIS 95350, at *4-5 (D. Or. July 9, 2013) (finding requested hourly rates of $100

[1] The 2012 OSB Economic Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

and $90 reasonable as they were below average for first-year associate and "in line with other paralegal fee awards"); Prison Legal News v. Umatilla Cnty., No. 2:12-cv-01101-SU, 2013 U.S. Dist. LEXIS 71104, at *17 (D. Or. Feb. 27, 2013) (awarding paralegal hourly rates of $125, $105, and $90 and noting they did not exceed average rate for first-year associate).

The 2012 OSB Economic Survey shows that the average hourly rate for Portland attorneys with zero to three years of experience is $182. This attorney hourly rate is used as a ceiling and is not by itself determinative of a reasonable hourly rate. I am unaware whether Barker and Allee have certifications or degrees that qualify them to be paralegals or the number of years of experience that they have. In the absence of such evidence, I find that $100 is a reasonable rate for all the paralegal work performed. As a result of this reduction in the paralegal hourly rate, the requested fee total is reduced by $249.60.

B. Hours Billed

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989) ("[p]laintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [] claims.").

Plaintiff's attorneys and paralegals spent a total of 53.6 hours on this case.[2] In reviewing the amount of time that was billed, I find that the attorneys spent as much time as reasonably necessary to litigate the case. Harmon Decl. Ex. 1. Defendants have not raised any concerns

[2] Plaintiff has omitted the fees incurred to prepare this motion. Harmon Decl. ¶ 2.

about the time billed, and I did not find unnecessary duplication of work or excessive time spent on particular tasks.

CONCLUSION

Based on the reasons above, Plaintiff's motion for attorney fees [157] is granted in part. Plaintiff is awarded a sum of $15,251.20 in attorney fees.

IT IS SO ORDERED.

Dated this 2 day of March, 2014.

Marco Hernandez

MARCO HERNANDEZ
United States District Judge